**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD COLTHURST, | Civil No. 2:11-cv-00603 (SDW) |
| Petitioner, | |
| v. | **OPINION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | October 27, 2011 |

**WIGENTON**, District Judge.

Before the Court is the petition of Richard Colthurst ("Colthurst" or "Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 or Section 2255") (the "Petition"). The United States of America ("Government" or "Respondent") filed a response. The Court, having considered the parties' submissions, decides this motion without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons set forth below, the Court **DENIES** the Petition.

**FACTUAL AND PROCEDURAL BACKGROUND**

On or about August 4, 2008, United Parcel Service ("UPS") in Fort Lauderdale, Florida identified a package for inspection. (Resp't Br. 2.) The package, which contained 11 pounds of cocaine, was addressed to Petitioner's residence in North Bergen, New Jersey in the name of a fictitious company. (*Id.* at 2-3.) Petitioner later confessed that he packed the cocaine at issue while in Florida. (*Id.* at 4.)

On August 5, 2008, Drug Enforcement Administration ("DEA") agents delivered a package containing "sham" drugs to Petitioner's residence. (*Id.* at 3.) Wayne Richards ("Richards") was at Petitioner's residence at the time of delivery. (*Id.*) There, Richards claimed and opened the package, which led to his arrest. (*Id.*)

Also on August 5, 2008, the DEA obtained a warrant from Magistrate Judge Falk to search Petitioner's residence, where two firearms, three cellular phones, and a money counter were found. (*Id.* at 4; *see also* Ex. C.)

On or about August 7, 2008, a complaint was filed against Petitioner, which led to his arrest on or around October 10, 2008. (*Id.* at 5.) Once Petitioner was arrested, he attempted to cooperate with the Government. (Resp't Br. 4.) Petitioner claimed that he and Richards opened online UPS accounts in the names of fictitious companies, and that they used these accounts to request and ship cocaine, including the cocaine at issue. (*Id.*)

On or about March 9, 2009, Petitioner pled guilty to conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine. (*See* Tr. of Plea Proceedings Mar. 9, 2009.) Petitioner's guilty plea was pursuant to his plea agreement, dated January 12, 2009, with the Government. (*See id.*, Ex. A.) The plea agreement included a conditional waiver of Petitioner's right to file a § 2255 petition in the event that he was sentenced at a United States Sentencing Guidelines offense ("Guidelines offense") level of 31 or lower. (*Id.*; *see also* U.S.S.G. § 2D1.1 (listing Guidelines offense levels for unlawful manufacturing, importing, exporting, or trafficking).)

On January 25, 2010, Petitioner was sentenced to incarceration for 108 months, which falls at the bottom range of the Guidelines offense level of 31. (Resp't Br., Ex. B (Tr. of Sentencing Proceedings, Jan. 25, 2010), at 13:6-15.)

On or about March 28, 2011, Petitioner filed the instant § 2255 Petition, asserting that his counsel's ineffective assistance prevented him from "knowingly and voluntarily" entering into the plea agreement.

**LEGAL STANDARD**

A district court, in considering a petition under 28 U.S.C. § 2255, must "accept the truth of the [petitioner's] factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (citation and internal quotation marks omitted). If the § 2255 petition and the underlying case record show conclusively that the petitioner is not entitled to relief, the district court is not required to hold an evidentiary hearing. *Gov't of V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). Furthermore, Rule 4(b) of the Rules Governing § 2255 Proceedings (2011) provides: "If it plainly appears from the [petition], any attached exhibits, and the record of prior proceedings that the [petitioner] is not entitled to relief, the judge must dismiss the [petition] and direct the clerk to notify the [petitioner]."

Habeas corpus is "available only if the petitioner establishes 'cause' for the waiver and shows 'actual prejudice resulting from the alleged . . . violation.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994) (quoting *Wainright v. Sykes*, 433 U.S. 72, 84 (1977)). Cause must be "something *external* to the petitioner, something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). "[C]onstitutionally ineffective assistance of counsel . . . is cause," whereas "[a]ttorney error short of ineffective assistance of counsel . . . does not constitute cause and will not excuse a procedural default." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991) (first alteration in original) (internal quotation marks and citation omitted). A finding of prejudice requires

3

a showing that the claimed error "so infected the entire trial that the resulting conviction violates due process." *United States v. Frady*, 456 U.S. 152, 169 (1982) (quoting *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)).

**DISCUSSION**

Petitioner claims that his "Sixth Amendment Constitutional Right to Effective Assistance of Counsel was violated due to defense counsel's failure to investigate, failure to call witnesses, and failure to review discovery evidence," which prevented him from "knowingly and voluntarily" entering into the plea agreement that included a waiver barring his right to file the instant Petition. (Pet'r's Br. 2.) The validity of the waiver of appeal and post-sentencing rights provision in the plea agreement is discussed below.

A plea agreement is contractual in nature and is to be analyzed under contract law principles. *See United States v. Williams*, 510 F.3d 416, 422-24 (3d Cir. 2007). Thus, the language of a plea agreement and the waiver matters greatly, as it is very important to ensure that both parties mutually assented to the same terms. *See United States v. Goodson*, 544 F.3d 529, 535-37 (3d Cir. 2008). "Under the law of this circuit, [a defendant] cannot renege on his agreement." *United States v. Cianci*, 154 F.3d 106, 110 (3d Cir. 1998). The Third Circuit, along with several other circuit courts, affirms that waivers of appeals in a plea agreement are generally held permissible and enforceable. *See United States v. Khattak*, 273 F.3d 557, 560-61 (3d Cir. 2001); *see also United States v. Teeter*, 257 F.3d 14, 21 (1st Cir. 2001); *United States v. Fisher*, 232 F.3d 301, 303 (2d Cir. 2000); *United States v. Brown*, 232 F.3d 399, 403 (4th Cir. 2000). The United States Supreme Court has expressed, "[a] criminal defendant may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution." *United*

*States v. Mezzanatto*, 513 U.S. 196, 201 (1995); *see also Peretz v. United States*, 501 U.S. 923, 936 (1991); *Jones v. Barnes*, 463 U.S. 745, 751 (1983) (stating that the Constitution does not guarantee criminal defendants a right to appeal). Further, courts have a substantial incentive to enforce a waiver. *Khattak*, 273 F.3d at 561 (noting that "[a]llowing defendants to retract waivers would prolong litigation, affording defendants the benefits of their agreements while shielding them from their self-imposed burdens").

Considering the strong preference for upholding waiver provisions in plea agreements, the Third Circuit created a two-prong test to permit district courts to evaluate their validity. *United States v. Mabry*, 536 F.3d 231, 237-38 (3d Cir. 2008). Under *Mabry*, the district court must examine the waiver by specifically looking at the "(1) knowing and voluntary nature, based on what occurred and what defendant contends, and (2) whether enforcement would work a miscarriage of justice." *Id.* at 237.[1] If the two-prong test is satisfied, then the waiver is valid and the plea agreement is binding upon both parties, thereby foreclosing any collateral or direct appeals.

In the instant case, Petitioner's filing of the Petition is procedurally flawed because he waived his right to file a § 2255 claim under the condition that his sentence fell within or below a Guidelines Offense level of 31. (*See* Resp't Br. 5-6.) Indeed, Petitioner was sentenced to incarceration for 108 months, which is at the bottom level of 31. (*Id.* at 6-7.) This sentence was below the 10-year minimum statutory sentence

---

[1] A habeas petitioner can avoid procedural default absent cause and prejudice if he can "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. However, such a showing is narrowly limited. The Supreme Court found:

> To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly deserving, this Court explicitly tied the miscarriage of justice exception to the petitioner's innocence.

*Schlup v. Delo*, 513 U.S. 298, 321 (1995). The Third Circuit has "declined to identify a list of specific circumstances which would give rise to, or constitute, a miscarriage of justice." *Marby*, 536 F.3d at 243.

pursuant to the Government's motion under United States Sentencing Guidelines § 5K1.1 and 18 U.S.C. § 3553. *See* U.S.S.G. § 5K1.1 (explaining that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines"); 18 U.S.C. § 3553 (a) (listing factors to consider when imposing a sentence); (*see generally* Resp't Br., Ex. B, at 8:17-13).

The record before this Court supports the position that Petitioner entered into the agreement knowingly and voluntarily. For example, at the plea proceeding on March 9, 2009 ("Plea Proceeding"), Petitioner acknowledged that he intended to voluntarily waive his right to have the matter proceed to trial. (Tr. of Plea Proceeding, Mar. 9, 2009 4:20-5:13; 7:7-8:23; 9:1-4.) Moreover, the Court specifically reviewed with Petitioner the fact that if his sentence were at a level of 31 or lower, he would waive his right to appeal. (*Id.* at 8: 8-23.) Petitioner stated that he understood these terms. (*Id.* at 8:19-23)

Further, enforcement of the waiver in this instance is not a miscarriage of justice. *See Strickland*, 466 U.S. at 695; *Mabry*, 536 F.3d at 237. Petitioner knowingly and voluntarily waived his rights and there is no indication that the Plea Proceeding was in any way tainted by ineffective assistance of counsel. *See Muhammad v. United States*, No. 08-0061, 2010 WL 2771772, *4 (D.N.J. July 13, 2010).

Moreover, Petitioner does not meet the exception to the rule concerning the finality of waivers. A habeas petitioner may obtain collateral review upon a showing that he suffered "cause." *Hodge v. United States*, 554 F.3d 372, 379-81 (3d Cir. 2008); *Muhammad v. United States*, No. 08-0061, 2010 WL 2771772, *1, *4-5; *Moore v. United States*, No. 04-4731, 2005 WL 1458640, *1, *6 (D.N.J. June 15, 2005) (citing *United*

*States v. Frady*, 456 U.S. 152, 167 (1982)). As discussed below, Petitioner cannot show "cause" or "actual prejudice" to satisfy an exception to the finality of waivers.

General allegations of ineffective assistance are insufficient. *See United States v. Robinson*, No. 04-0884, 2004 WL 1169112, at *3-4 (E.D. Pa. Apr. 30, 2004) (refusing to excuse defendant's waiver of his right to bring a Section 2255 motion where claims of ineffective assistance of counsel were based on counsel's performance at sentencing); *see also United States v. White*, 307 F.3d 336, 337 (5th Cir. 2002) (noting that "ineffective assistance of counsel claims only survive a waiver of appeal if they directly relate to the voluntariness of the waiver").

In the instant matter, Petitioner argues that the ineffective assistance of counsel made it "impossible for Petitioner Colthurst to enter into his plea agreement knowingly and voluntarily." (Pet'r's Br. 2.) Section 2255 petitioners bear the burden of proving ineffective assistance of counsel. *United States v. Baynes*, 622 F.2d 66, 69 (3d Cir. 1980). A defendant is denied the right to effective assistance of counsel if (1) his attorney's performance falls below "an objective standard of reasonableness," and (2) there is a "reasonable probability" that such ineffectiveness prejudiced the outcome of the trial. *Strickland v. Washington*, 466 U.S. 688, 695 (1984).

The first prong of the test for ineffective assistance of counsel requires a petitioner to identify those acts or omissions by counsel that were "outside the wide range of professionally competent assistance." *Id.* at 690. A court must be highly deferential when assessing counsel's performance, and "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* Further, a court must make "every

effort . . . to eliminate the distorting effects of hindsight." *Id.* at 689. The *Strickland* Court reasoned, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* Therefore, a court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690.

The second prong requires a petitioner to show a reasonable probability that, but for counsel's unprofessional mistakes, the outcome of the proceeding would have been different. *Id.* at 694. A reasonable probability of prejudice is one "sufficient to undermine confidence in the outcome." *Id.* Furthermore, "[i]t is not enough for a defendant to show that the errors had some conceivable effect on the outcome of the proceeding. . . ." because "[v]irtually every act or omission of counsel would meet that test . . . ." *Id.* at 693.

Petitioner claims that if his attorney had conducted an adequate pretrial investigation, he would have proceeded to trial because he would have been able to prove: (1) he was not at his residence when the sham drugs were delivered, and (2) there was a warrantless search of his residence. (*See* Pet'r's Br. 2-5.) Therefore, Petitioner claims that his guilty plea was not made "knowingly and voluntarily." (*Id.* at 2.) Petitioner's first claim is baseless because, as the Government argues, it was accepted that Petitioner was not at his residence, and that he shipped the drugs from Florida. (*See* Resp't Br. 3, 9.) Thus, accepting Petitioner's claim that he was not at his residence would not affect the outcome of this case.

8

Petitioner's second claim fails because on August 5, 2008, Magistrate Judge Falk granted the DEA a warrant to search Petitioner's residence upon probable cause of drug law violations. (*See id.,* Ex. C.)  Petitioner has not demonstrated or presented any valid basis to indicate that his attorney's performance fell below "an objective standard of reasonableness" regarding the use of the search warrant.

Further, regarding Petitioner's arguments about defense counsel's pre-trial investigations, as discussed in *Strickland*, strategic choices "are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. . . . In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."  *Strickland*, 466 U.S. at 691.  In the instant matter, Petitioner does not provide any valid support for his claim regarding counsel's alleged failure to investigate, call witnesses or review discovery evidence.

Additionally, Petitioner cannot show that he suffered actual prejudice because, as discussed, he knowingly and voluntarily agreed to the plea agreement and waiver, and as a result, received a lower sentence than was initially contemplated (incarceration for 108 months, which is below the 10-year minimum statutory sentence).  Petitioner has not demonstrated "cause" or "actual prejudice" to qualify for an exception to the rule concerning waivers.  Petitioner does not present circumstances that would make his waiver unknowing or involuntary.

In the instant matter, ineffective assistance of counsel does not excuse Petitioner's waiver, and enforcement of the waiver is not a miscarriage of justice.  *See Strickland*, 466 U.S. at 695; *Mabry*, 536 F.3d at 237.

**CONCLUSION**

       For the reasons stated above, the Petition is **DENIED**.

                                                                s/Susan D. Wigenton, U.S.D.J.

Orig:   Clerk
           Parties